### Commissioners of Highways v. Elizabeth Kline et al.

1. TRIALS—*By the Court, Where the Evidence is Conflicting.*—Where the evidence is conflicting, but is amply sufficient to sustain the finding of the court, the judgment based upon such finding will not be disturbed.

2. PRACTICE—*Withdrawing Propositions of Law.*—It is not error in the trial court to permit a party to withdraw his propositions of law, even after the court has announced its findings in the case; and if the adverse party desires to raise the same questions and have them passed upon by the court, he should present them himself.

Commissioners of Highways v. Kline.

Assumpsit, for breach of a contract.   Appeal from the Circuit Court of Du Page County; the Hon. Charles A. Bishop, Judge, presiding. Heard in this court at the April term, 1901.   Affirmed.   Opinion filed July 12, 1901.

A. J. Hopkins, F. G. Hanchett, Fred. A. Dolph, and R. B. Scott, attorneys for appellant.

Childs & Hudson, attorneys for appellees; Lovell & Earley, of counsel.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit brought originally before a justice of the peace by appellants against appellees, to recover damages for an alleged breach of contract.   Upon appeal to the Circuit Court a jury was waived and there was a finding and judgment in favor of appellees and against appellants for costs.

It appears from the proofs that on February 9, 1898, a suit for injunction was pending in the Circuit Court of DuPage County wherein appellees were complainants and appellants defendants, concerning the manner in which certain waters should be conducted to the DuPage river from a culvert bridge north of the farm of appellees.   On that day a compromise was effected and an agreement entered into which provided, among other things, that appellants should furnish such tile as in their opinion would be sufficient to carry the water from the stream and bridge to the river; that said Kline should haul the tile from the nearest railway station and lay the same in a suitable trench or ditch to be dug by " him " along the southerly line of said highway, westerly to or toward the river, together with suitable bulk-heads or catch-basins, to properly divert the waters into such tile or drains, appellants to furnish the material therefor, but not the labor; that appellee should furnish one-third of the " team and labor " for putting the road from the culvert to the river in suitable condition and properly grading the same after the tile should be laid.

On May 7, 1898, appellants met upon the Kline farm and upon consultation with Mr. Herrick, the county surveyor,

and appellee John G. Kline, who were also present, decided
upon a twenty-four inch tile as the proper size and ordered
the same.  About the same time Herrick, who was in the
employ of appellants, ran a line of levels and set the stakes
for Kline to follow in laying the tile.  Shortly after the
commencement of the delivery of the tile Kline began lay-
ing the same, putting in about two-thirds of the length to be
laid during that summer and fall.  A part of the dirt dug
out of the trench was put back by Kline on the tile land,
the whole length being covered with about six inches to a
foot of dirt.  The commissioners took no steps to fill in the
ditch that year.

On April 22, 1899, the commissioners sent a notice to
appellee John G. Kline directing him to clear out and
remove all dirt, stones and gravel from the tile laid by him
and " to lay the balance of tile as per your contract, said
work to be completed on or before June 1, 1899."  Kline
soon after that time finished laying the tile furnished him
and appellants then filled up the whole ditch and leveled
off the road.

On August 12, 1899, appellants directed the town clerk
to serve a notice upon appellees to the effect that the tile
laid by them had become filled with dirt, stones and gravel
and that many of the sections of the same had become
broken and useless; that unless appellees removed the dirt,
stones and gravel from said tile and replaced the broken
tile within thirty days the commissioners would " proceed
to remove the dirt, stones and gravel from said tile and to
replace said tile, and will require you to pay and reimburse
these commissioners for the expenses thereof in such manner
as the law may provide."

In October, 1899, another engineer was employed by the
commissioners to make a survey of the ditch.  He took the
levels along the drain, and found between stations 5 and 10
the tile ran from a foot to a foot and a half too high, so
that there was what is termed in the evidence a " hump "
in the tile.  He also found that for some distance preceding
the " hump " there was gravel and dirt in the tile.  The
commissioners thereupon had about 400 feet of the tile

taken up and relaid, and the grade of the bottom of the ditch changed for a portion of the way. This was done at a cost of $218.56, as claimed by appellants, and it was for $200 of this amount that the suit was brought before the justice of the peace.

It also appeared from the proofs that the records of the commissioners originally contained, at page 309, a record of a meeting held November 7, 1898, at which the commissioners and their engineer, Herrick, were present, the purpose of which was to examine the work done by John G. Kline. This page was torn out of the record, but upon the demand of appellees was produced upon the trial. The town clerk accounted for the fact that the page was removed from the record by saying that he wrote the record prior to the meeting of the commissioners; that he had received a letter from Herrick, the engineer, containing a report of the condition of the tile; that this report was inserted in the record, and purported to be adopted by the commissioners as their report; that when the commissioners met, however, they refused to concur in or adopt the report, and the page containing it was, therefore, torn out. This report of the engineer contained a reference to what is above referred to as the "hump," and further stated that "the grade-line of the pipe, as designed, will descend at the rate of $3\frac{1}{2}$ inches in each 100 feet, and on account of this good fall, probabilities are that the high portions between stations 5 and 10 will never be the cause of any serious trouble, and the engineer advises that the pipe-line be left as it is, except the gravel should be well cleaned from the pipe before any more pipe is laid."

Appellants claim that the evidence was not sufficient to support the finding and the judgment of the court, for the reason that their part of the contract was not performed by appellees within a reasonable time, and also because the tile was not properly laid.

It is not necessary to consider the first objection, for the reason that this suit was not brought to recover damages caused by the delay, but only for the expense of taking up

and relaying the tile, replacing broken tile and changing the grade.

As to the question concerning the manner in which the work was done, there was a conflict in the evidence. The court below found that appellants procured the services of an engineer to fix the levels; that a preponderance of the testimony showed that the ditch was dug and the tile laid according to the grade fixed by the engineer; that the tile taken up and relaid does not appear to have taken off the water in any better shape than the tile did as originally laid, and that the relaying resulted in no improvement to the ditch.

Appellees contend that the main cause of the breaking of so many tile after they were laid, was that they were not covered in by the commissioners before winter set in; that they are not liable for the neglect of the commissioners in that regard; that after the part now objected to had been examined by the engineer of the commissioners the work was approved and accepted, and the tile covered in by them. The engineer, Herrick, was not a witness in the case, for the reason that he was absent from this country, having gone to Mexico shortly before these proceedings were commenced. That there was dirt and gravel in the tile; that some of them were broken, and that they were not all laid on an even descending grade, is apparent from the evidence; but there is also evidence to show that Kline laid the tile in accordance with the directions of Herrick. Kline and the man who helped him put in the tile swore that they laid them according to such directions, while there was no direct evidence that they did not do so. The letter of Herrick to the commissioners, which was originally incorporated in their records, shows that, notwithstanding the fault in the grade, he did not consider it serious, and advised that the line be left as it was, except that the gravel should be well cleaned from the pipe before any more pipe was laid. There is evidence tending to show that the pipe was at least partially cleaned out by the rains and snow during the winter and spring, and that appellants

accepted the work done by instructing Kline to go on and complete the laying of pipe and by afterward filling in the ditch and leveling the road.    While the evidence was conflicting, yet we think it amply sufficient to sustain the finding of the court below.    After the court had announced its findings in the case, leave was given to appellees to withdraw the propositions of law which they had presented. This was objected to by appellants, but the court overruled the objection, and permitted appellees to withdraw their propositions, and appellants excepted.    This action of the court is complained of by appellants as an error in law, and is the only one urged and argued by them.    There was no reason why appellees should wish to have their propositions passed upon, and had appellants desired to raise the same questions and have them passed upon by the court they should themselves have presented them.    The court properly permitted appellees to withdraw the propositions, there being no reason why they should be passed upon. We find no error in the record, and the judgment of the court below is accordingly affirmed.